IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clarence Wayne Dixon, | No. CV-22-00743-PHX-DJH (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Arizona Department of Corrections Rehabilitation and Reentry (ADCRR), et al., | |
| Respondents. | |

In this civil rights action, Plaintiff Clarence Dixon challenged ADCRR's failure to provide Beyond Use Date information for the compounded pentobarbital the State intends to use to execute him next Wednesday, May 11, 2022.  Plaintiff filed an Emergency Motion for Temporary Restraining Order or Preliminary Injunction to compel that information or stay his execution (Doc. 5).  Specifically, Plaintiff requested an injunction "barring Defendants from carrying out his execution until Defendants have demonstrated that the compounded pentobarbital has been assigned a BUD that is based on scientifically valid specialized testing, and which is beyond the date of his May 11, 2022, scheduled execution."

The Court ordered expedited briefing on the motion, and Defendants filed a Motion to Dismiss the Complaint as moot and for failure to state a claim (Doc. 9).  Plaintiff filed a Reply in opposition to the motion to dismiss.  The Court then ordered supplemental briefing directing Defendants to provide a specific BUD for the

pentobarbital it intends to use to execute Plaintiff on Wednesday May 11, 2022 (Doc. 12). Defendants provided that Notice (Doc. 14).

The Court held a hearing on May 7, 2022, to address Defendants' Notice and addressed concerns about the ambiguity of information provided by Defendants in its Notice reflecting the BUD. Specifically, the Court addressed whether the solution sent for testing by an FDA-registered laboratory was, in fact, the same solution to be used during Plaintiff's execution. Defendants confirmed that the same powder was used to make a solution to send for stability testing and was also used on February 26, 2022 to create a solution that will be used during Plaintiff's execution. Defendants then confirmed that the compounding pharmacist extrapolated a BUD of August 25, 2022 for the pentobarbital created on February 26, 2022 based on the testing data for the previously prepared solution.

Plaintiff challenges the testing results that purported to validate the August 25, 2022 BUD. Whatever the merits of that challenge may be, it was not presented in Plaintiff's Complaint. Rather, Plaintiff brought First and Fourteenth Amendment challenges to Defendants' refusal to provide documentation regarding the Beyond Use Date of the compounded pentobarbital intended for use in his execution. Plaintiff has been provided the information he requested and, therefore, his claims are moot.[1] The Court will therefore grant Defendants' Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **granted**. Plaintiff may file an Amended Complaint as expeditiously as possible to raise any additional claims related to the use of the compounded pentobarbital with the BUD of August 25, 2022.

Dated this 7th day of May, 2022.

Honorable Diane J. Humetewa
United States District Judge

---

[1] Moreover, Plaintiff acknowledges that his First Amendment claims are foreclosed by *First Amendment Coalition of Arizona v. Ryan*, 938 F.3d 1069, 1080 (9th Cir. 2019).